**Robert E. WARE, Petitioner-Appellant,**

v.

**John GAGNON, Warden, and Bronson LaFollette, Respondents-Appellees.**

No. 79–2030.

United States Court of Appeals,
Seventh Circuit.

Submitted on Briefs and Record
Feb. 4, 1981.*

Decided Sept. 17, 1981.

* After preliminary examination of the briefs filed in this appeal, the court notified the parties it had tentatively decided oral argument would not be helpful in deciding the case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Robert E. Ware, pro se.

Bronson C. LaFollette, Wis. Dept. of Justice, Atty. Gen., Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondents-appellees.

Before FAIRCHILD, WOOD and CUDAHY, Circuit Judges.

PER CURIAM.

Petitioner Robert Ware was convicted of two counts of forgery in Wisconsin state court. On the first count he received a suspended sentence of five years in state prison and was placed on probation under the supervision of the Wisconsin Department of Health and Social Services (Department). On the second count he was sentenced to serve two hundred days in the county jail. After two instances in which Ware left the jail and failed to return as required, the Department revoked his probation and ordered him to begin serving the five-year sentence.

Ware petitioned for a writ of habeas corpus in the Wisconsin Circuit Court for Dodge County (where he is serving his five-year term), filed motions for modification of his sentence in the court that imposed his sentence, and brought an original action before the Wisconsin Supreme Court for a writ of habeas corpus. At approximately the same time, he filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin. Because his state actions had not been concluded, the district court dismissed his petition for failure to exhaust state remedies.

Thereafter, the Wisconsin Supreme Court denied Ware's original petition and Ware then voluntarily dismissed his appeal from the Dodge County court's denial of his habeas petition. Although his appeal from the denial of his motions to modify his sentence was still pending, Ware filed the present petition for writ of habeas corpus in federal district court.

In the present petition Ware alleged, first, that the Department, as part of the executive branch of the state government, could not revoke a court-ordered probation consistent with the doctrine of separation of powers; that the Department should not have revoked his probation until after he had finished serving his 200-day county jail sentence; and that he had been kidnapped and taken to the state prison without legal authority in that the proper papers had not been prepared for his incarceration. The district court found that Ware had not exhausted state remedies as to any of these grounds and accordingly dismissed the petition. Although we affirm the dismissal, we do so on other grounds.

■ We think Ware did exhaust state remedies as to his separation-of-powers claim. The record reveals that he presented this claim to the Wisconsin Supreme Court in the direct habeas petition he brought there. That court dismissed Ware's petition on the ground that judicial review of the Department's action is available to Ware in the lower courts under *State ex rel. Johnson v. Cady*, 50 Wis.2d 540, 185 N.W.2d 306 (1971). We take this dismissal of Ware's petition as an implicit rejection of Ware's separation-of-powers claim.

In *Johnson*, three state habeas petitioners challenged the authority of the Wisconsin Health and Social Services Department to revoke probation, mandatory parole, and discretionary parole without a hearing. The Wisconsin Supreme Court held that due process requires a revocation hearing, but also held, over the dissent of Chief Justice Hallows, that an administrative hearing, rather than a judicial hearing, would suffice. In the dissents view, "the hearing should be in an open court proceeding and the violation should be established by the government by a preponderance of the evidence." *Id.* at 559, 185 N.W.2d 306. The majority, however, found no constitutional infirmity in placing the administration of probation and parole within the jurisdiction of the executive branch of government. The court stated:

> Thus the litigation is over and the judicial process terminated when a man, once presumed to be innocent, has been accused of a crime, tried, defended, found guilty, sentenced and, if he wishes, gone through the process of appeal. The adversary system has terminated and the administrative process, vested in the executive branch of the government, directed to the correctional and rehabilitative processes of the parole and probation system has been substituted in its place.

*Id.* at 546, 185 N.W.2d 306. *Johnson*, as we read it, effectively forecloses Ware's constitutional challenge to the state scheme permitting judicial imposition and administrative revocation of probation. When the state Supreme Court denied Ware's petition on the basis of *Johnson*, therefore, his state remedy as to the separation-of-powers claim was exhausted.

At the same time, Ware concedes he has not exhausted state remedies as to his other two grounds for relief. The state argues that even if one of Ware's claims is exhausted, the district court properly dismissed the entire petition because the other claims remain unexhausted. We reject this argument.

The circuit courts are split as to the proper disposition of "mixed" habeas petitions— that is, those presenting both exhausted and unexhausted grounds for relief. Two circuits, the fifth and the ninth, have held that mixed petitions should be dismissed *in toto*. The rationale for this rule is explicated in *Galtieri v. Wainwright*, 5 Cir., 582 F.2d 348, *reh. den.*, 587 F.2d 508 (5th Cir. 1978) (en banc), and in *Gonzales v. Stone*, 546 F.2d 807 (9th Cir. 1976). In brief, the rule is based on comity and the need to avoid piecemeal litigation.

The majority of circuit courts, however, hold that mixed petitions should not be dismissed *in toto*; rather, the district courts should reach the merits of the exhausted claims where the unexhausted claims are unrelated to them or are frivolous. *E. g., Miller v. Hall*, 536 F.2d 967 (1st Cir. 1976); *Tyler v. Swenson*, 483 F.2d 611 (8th Cir. 1973); *Hewett v. North Carolina*, 415 F.2d 1316 (4th Cir. 1969); *United States ex rel. Levy v. McMann*, 394 F.2d 402 (2d Cir. 1968); *United States ex rel. Boyance v. Myers*, 372 F.2d 111 (3d Cir. 1967).

We adopt the majority rule. Its rationale is very ably set out in the cases cited above (*see esp. Miller v. Hall, supra*)[1] and we see no need for a lengthy re-examination of the question here. We agree with the majority that once a state court has ruled on the merits of a habeas claim, the interests of comity have been sufficiently served and no longer outweigh the petitioner's interest in prompt relief from unlawful detention. Similarly, while we recognize the general policy against piecemeal litigation, we agree with the majority that that policy is outweighed by the same interest in speedy relief for the unlawfully detained petitioner. Therefore we hold that district courts presented with mixed habeas petitions should reach the merits of the exhausted claims where the unexhausted claims are unrelated or frivolous.

1. See also the dissent in *Galtieri, supra*, 582 F.2d at 366–75 (Thornberry, J.), for an exhaustive criticism of the minority rule.

Viewing the present case in the light of this holding, we find the district court properly dismissed, for failure to exhaust state remedies, all of Ware's claims for habeas relief except his separation-of-powers claim. The latter should have been addressed on its merits.

■ In the interests of judicial economy, however, we affirm the dismissal of the separation-of-powers claim because it is frivolous. Nothing in the federal Constitution forbids a state from providing for administrative revocation of probation imposed by a court. The Supreme Court rejected an argument similar to Ware's in *Dreyer v. Illinois*, 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed. 79 (1902). In *Dreyer*, the Illinois Indeterminate Sentence Act of 1899 was attacked as violative of the principle of separation of powers embodied in the Illinois Constitution. The Supreme Court stated:

A local statute investing a collection of persons not of the judicial department, with powers that are judicial and authorizing them to exercise the pardoning power which alone belongs to the Governor of the State, presents no question under the Constitution of the United States. The right to the due process of law prescribed by the Fourteenth Amendment would not be infringed by a local statute of that character. Whether the legislative, executive and judicial powers of a State shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the State. And its determination one way or the other cannot be an element in the inquiry whether the due process of law prescribed by the Fourteenth Amendment has been respected by the State or its representatives when dealing with matters involving life or liberty.

*Id.* at 83–84, 23 S.Ct. at 32. The Supreme Court has since reaffirmed that "the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments." *Sweezy v. New Hampshire*, 354 U.S. 234, 255, 77 S.Ct. 1203, 1214, 1 L.Ed.2d 1311 (1957). *See also McGautha v. California*, 402 U.S. 183, 253 n.3, 91 S.Ct. 1454, 1490 n.3, 28 L.Ed.2d 711 (1971) (Brennan, J., dissenting on other grounds). Therefore Ware's separation-of-powers claim must fail.

For the reasons stated, the order of the district court is affirmed.