STATE of Wisconsin, Plaintiff-Appellant,

v.

Robert V. HORN, Defendant-Respondent.

Supreme Court

*No. 97–2751–CR. Oral argument March 4, 1999.—Decided June 11, 1999.*

(Also reported in 594 N.W.2d 772.)

For the plaintiff-appellant the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief (in the Court of Appeals) was *Pamela Magee*, assistant attorney general, and *James E. Doyle*, attorney general.

For the defendant-respondent there was a brief (in the Court of Appeals) and oral argument by *Martha K. Askins*, assistant state public defender.

¶ 1. WILLIAM A. BABLITCH, J.   Defendant, Robert V. Horn (Horn) challenged the constitutionality of Wis. Stat. § 973.10(2) requiring administrative,

rather than judicial, revocation of probation. The circuit court agreed with Horn and declared the statute unconstitutional as a violation of the separation of powers doctrine. The issue presented by this case is whether it is within the exclusive power of the judiciary to determine whether a defendant has violated the court-imposed conditions of probation and whether probation should be revoked and the defendant sent to prison. We conclude that disposition of a criminal case, including imposing and revoking probation, is within powers shared among the branches of government. Because the legislative delegation of probation revocation to the executive branch does not unduly burden or substantially interfere with the judiciary's constitutional function to impose criminal penalties, we determine that § 973.10(2) is constitutional. Accordingly, we reverse the order of the circuit court.

¶ 2. The facts for purposes of this appeal are limited and not in dispute. Horn pleaded guilty to two felony counts of delivery of cocaine, contrary to Wis. Stat. §§ 161.16(2)(b)1 and 161.41(1)(cm) (1992–93).[1] The Kenosha County Circuit Court, the Honorable Bruce E. Schroeder presiding, adjudged Horn guilty and ordered a presentence investigation report. On March 9, 1995, the circuit court withheld Horn's sentence, placed him on probation for four years, and ordered him to pay restitution.

¶ 3. In July 1997, the Wisconsin Department of Corrections initiated probation revocation proceedings against Horn, pursuant to Wis. Stat. § 973.10(2)

[1] Wisconsin Stat. §§ 161.16(2)(b)1 and 161.41(1)(cm) (1992–93) were renumbered as Wis. Stat. §§ 961.16(2)(b)1 and 961.41(1)(cm) (1995–96). 1995 Wis. Act 448, §§ 168–171, 173.

(1995–96).[2] The Department of Corrections asserted that Horn violated several conditions of his probation. He also faced new charges of obstructing as a repeater and stalking as a repeater. On August 14, 1997, Horn filed a motion with the circuit court, requesting that the court determine § 973.10(2) unconstitutional as violating the separation of powers doctrine. Horn served this motion on the Attorney General, pursuant to Wis. Stat. § 806.04(11), who filed a response in opposition to the motion.

¶ 4.    The circuit court granted Horn's motion and declared Wis. Stat. § 973.10(2) unconstitutional concluding it violates the separation of powers doctrine. The circuit court determined that the statute impermissibly infringes on the judiciary's exclusive sentencing function. Accordingly, the circuit court enjoined the Department of Corrections from further proceedings with the probation revocation process and set a date for a probation revocation hearing before the circuit court.

¶ 5.    The circuit court based its decision on its conclusion that probation is a stay in an ongoing criminal proceeding. The circuit court determined that not only does probation stay execution of a sentence, *see* Wis. Stat. § 973.09(1)(a), but the circuit court continues to have power to modify the terms of probation, *see* § 973.09(3)(a). The circuit court concluded that Wis. Stat. § 973.10(2), requiring administrative probation revocation, allows the executive branch to administratively lift the judicially-imposed stay, and violates the separation of powers doctrine in that only a court should be able to lift a judicially-imposed stay.

---

[2] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise indicated.

¶ 6. The State of Wisconsin (State) petitioned the court of appeals for leave to appeal a nonfinal order. The court of appeals granted the State's petition. After hearing oral arguments, the court of appeals certified the case to this court pursuant to Wis. Stat. § (Rule) 809.61, which we accepted.

■

¶ 7. The issue presented by this case and as certified by the court of appeals is whether it is within the exclusive power of the judiciary to determine whether a defendant has violated the court-imposed conditions of probation and whether probation should be revoked and the defendant sent to prison. In other words, we must determine whether Wis. Stat. § 973.10(2) (reprinted below),[3] which provides for administrative revocation of probation, unconstitutionally violates the separation of powers doctrine. Whether a statute is constitutional is a question of law which this court reviews de novo. *State v. Borrell*, 167 Wis. 2d 749, 762, 482 N.W.2d 883 (1992).

---

[3] Wisconsin Stat. § 973.10(2) provides:

(2) If a probationer violates the conditions of probation, the department of corrections may initiate a proceeding before the division of hearings and appeals in the department of administration. Unless waived by the probationer, a hearing examiner for the division shall conduct an administrative hearing and enter an order either revoking or not revoking probation. Upon request of either party, the administrator of the division shall review the order. If the probationer waives the final administrative hearing, the secretary of corrections shall enter an order either revoking or not revoking probation. If probation is revoked, the department shall:

(a) If the probationer has not already been sentenced, order the probationer brought before the court for sentence which shall then be imposed without further stay under s. 973.15; or

(b) If the probationer has already been sentenced, order the probationer to prison, and the term of the sentence shall begin on the date the probationer enters the prison.

¶ 8.  When a party challenges the constitutionality of a statute, we begin with the presumption that the statute is constitutional. *St. ex rel. Friedrich v. Dane County Cir. Ct.*, 192 Wis. 2d 1, 13, 531 N.W.2d 32 (1995). The party challenging the constitutionality of a statute has the burden to show beyond a reasonable doubt that the statute is unconstitutional. *Id.* (citing *State v. Holmes*, 106 Wis. 2d 31, 41, 315 N.W.2d 703 (1982)). Any doubts about the constitutionality of a statue are resolved in favor of the statute. *Chappy v. LIRC*, 136 Wis. 2d 172, 185, 401 N.W.2d 568 (1987).

¶ 9.  This court has frequently expounded the separation of powers doctrine. "The doctrine of separation of powers, while not explicitly set forth in the Wisconsin constitution, is implicit in the division of governmental powers among the judicial, legislative and executive branches." *Friedrich*, 192 Wis. 2d at 13 (citing *Holmes*, 106 Wis. 2d at 42). Wisconsin Const. Art. VII, §§ 2, 3, and 4 govern the judicial branch; Article IV, § 1 governs the legislative branch; and Article V, § 1 governs the executive branch. Each branch, separate but co-equal, is not subordinate to another, no branch to arrogate to itself control the other. *Friedrich*, 192 Wis. 2d at 13 (citing *Holmes*, 106 Wis. 2d at 42).

¶ 10.  The constitutional powers of each branch of government fall into two categories: exclusive powers and shared powers. Each branch has exclusive core constitutional powers into which other branches may not intrude. *Friedrich*, 192 Wis. 2d at 13 (citing *State ex rel. Fiedler v. Wisconsin Senate*, 155 Wis. 2d 94, 100, 454 N.W.2d 770 (1990)).

¶ 11.  Shared powers lie at the intersections of these exclusive core constitutional powers. These " '[g]reat borderlands of power' " are not exclusive to any one branch. *Friedrich*, 192 Wis. 2d at 14 (citing *In*

*re Appointment of Revisor*, 141 Wis. 592, 597, 124 N.W. 670 (1910)). "While each branch jealously guards its exclusive powers, our system of government envisions the branches sharing the powers found in these great borderlands. (Citation omitted). Ours is a system of ' "separateness but interdependence, autonomy but reciprocity." ' " *Flynn v. Department of Administration*, 216 Wis. 2d 521, 546, 576 N.W.2d 245 (1998) (citing *Friedrich*, 192 Wis. 2d at 14 (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952)). The branches may exercise power within these borderlands but no branch may unduly burden or substantially interfere with another branch. *Friedrich*, 192 Wis. 2d at 14 (citing *State v. Unnamed Defendant*, 150 Wis. 2d 352, 360, 441 N.W.2d 696 (1989)). "This subtle balancing of shared powers, coupled with the sparing demarcation of exclusive powers, has enabled a deliberately unwieldy system of government to endure successfully for nearly 150 years." *Friedrich*, 192 Wis. 2d at 14.

¶ 12.   In the present case, Horn argues that Wis. Stat. § 973.10(2), requiring administrative revocation of probation, impermissibly intrudes upon the judiciary's constitutional power to sentence criminal defendants. To determine whether legislation unconstitutionally intrudes upon judicial power and therefore violates the separation of powers doctrine, this court developed a three-part test. *Flynn*, 216 Wis. 2d at 546–47. We must first determine whether the subject matter of the statute is within powers constitutionally granted to the legislature. *Id.* at 546 (citing *Friedrich*, 192 Wis. 2d at 14). The second inquiry is whether the subject matter of the statute falls within powers constitutionally granted to the judiciary. *Flynn*, 216 Wis. 2d at 546 (citing *Friedrich*, 192 Wis. 2d at

14–15). If the subject matter of the statute is within the judiciary's constitutional powers but not within powers constitutionally granted to either the legislature or executive branch, the subject matter is within the judiciary's core zone of exclusive power. *Flynn*, 216 Wis. 2d at 546. Any exercise of power by the legislature or executive branch within such an area is an unconstitutional violation of the separation of powers doctrine. *Id.* (citing *In Matter of Complaint Against Grady*, 118 Wis. 2d 762, 776, 348 N.W.2d 559 (1984)). The judiciary may recognize such an exercise of power but only as a matter of comity and courtesy, not as an acknowledgment of power. *Flynn*, 216 Wis. 2d at 546 (citing *Friedrich*, 192 Wis. 2d at 15).

¶ 13.   If the subject matter of the statute is within the powers constitutionally granted to the judiciary and the legislature, the statute is within an area of shared powers. *Flynn*, 216 Wis. 2d at 547. Such a statute is constitutional if it does not unduly burden or substantially interfere with either branch. *Id.* (citing *Friedrich*, 192 Wis. 2d at 15). "The focus of this evaluation is on whether one branch's exercise of power has impermissibly intruded on the constitutional power of the other branch." *Friedrich*, 192 Wis. 2d at 15.

¶ 14.   We now apply this separation of powers analysis to the facts presented by this case. In regard to sentencing in general, we can easily dispense with the first two inquiries—whether the subject matter is within powers constitutionally granted to the legislature and the powers constitutionally granted to the judiciary.

¶ 15.   It is settled that sentencing in Wisconsin is an area of shared powers. *Borrell*, 167 Wis. 2d at 767.

All three branches play a role in sentencing. " 'It is the function of the legislature to prescribe the penalty and the manner of its enforcement; the function of the courts to impose the penalty; while it is the function of the executive to grant paroles and pardons.' " *Id.* (quoting *Drewniak v. State ex rel. Jacquest*, 239 Wis. 475, 488, 1 N.W.2d 899 (1942)). *See also Mistretta v. United States*, 488 U.S. 361, 390 (1989) (upholding the federal Sentencing Guidelines. "[T]he sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch."); *State v. Sittig*, 75 Wis. 2d 497, 499, 249 N.W.2d 770 (1977).

¶ 16.   The legislature has authority to determine the scope of the sentencing court's discretion. The sentencing court has discretion, within that legislatively-determined scope, to fashion a sentence based on the nature of the criminal offense, the need to protect the public and the need to rehabilitate the defendant. *Borrell*, 167 Wis. 2d at 768–69 (citing *In re Felony Sentencing Guidelines*, 120 Wis. 2d 198, 203, 353 N.W.2d 793 (per curiam 1984)).

> The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. It is for the legislature to prescribe the punishment for a particular crime and it is the duty of the court to impose that punishment; if the authority to fashion a particular criminal disposition exists, it must derive from the statutes.

*State v. Amato*, 126 Wis. 2d 212, 216, 375 N.W.2d 75 (Ct. App. 1985 (citations omitted).

¶ 17.   Although case law makes clear that sentencing is within shared powers, we must determine

whether probation and probation revocation are also within shared powers. The first inquiry is whether probation and probation revocation are within powers constitutionally granted to the legislature.

¶ 18.  Probation itself is generally not a sentence. *Prue v. State*, 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974); *State v. Hays*, 173 Wis. 2d 439, 444, 496 N.W.2d 645 (Ct. App. 1992); *State v. Meddaugh*, 148 Wis. 2d 204, 211, 435 N.W.2d 269 (Ct. App. 1988). However, probation is an alternative to sentencing. *Garski v. State*, 75 Wis. 2d 62, 69, 248 N.W.2d 425 (1977). *See also State v. Gereaux*, 114 Wis. 2d 110, 113, 338 N.W.2d 118 (Ct. App. 1983). Like sentencing which is within shared powers, probation is one possible disposition for criminal defendants. "[T]he purpose of the probation statute [was] to confer a new power upon the court—the power to suspend the execution of a sentence and to place the defendant on probation." *Drinkwater v. State*, 69 Wis. 2d 60, 66, 230 N.W.2d 126 (1975) (citing *State ex rel. Zabel v. Municipal Court*, 179 Wis. 195, 201, 190 N.W. 121, 191 N.W. 565 (1923)). Because probation is so closely related to sentencing as a possible criminal disposition, we conclude that probation and administration of probation revocation are within powers constitutionally granted to the legislature.

¶ 19.  The second inquiry in the separation of powers analysis is whether probation and probation revocation are within powers constitutionally granted to the judiciary. Again, the question is easily answered. Although probation is not a sentence, it is a possible disposition for criminal defendants, and therefore, probation falls within the judiciary's power to impose a

penalty. *See Drinkwater*, 69 Wis. 2d at 66 (the probation statute broadens the power of courts by giving them authority to place a defendant on probation). In fact, like sentencing, the legislature has specifically granted the judiciary the authority to impose probation as an alternative to sentencing. Wis. Stat. § 973.09(1)(a). Without such statutory authority, a court could not place a defendant on probation. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 545, 185 N.W.2d 306 (1971). *See also Affronti v. United States*, 350 U.S. 79, 83 (1955) (citing *Ex Parte United States*, 242 U.S. 27 (1916)) (at the federal level "judicial power to permit probation springs solely from legislative action").

■■

¶ 20.   We determine, consistent with sentencing and probation as an alternative to sentencing, that probation and probation revocation are within shared powers. Like sentencing, the legislature has constitutional authority to offer probation as an alternative to sentencing, the judiciary has authority to impose probation, and the executive branch has the authority to administer probation.

¶ 21.   Having concluded that both sentencing and probation are within shared powers, we turn to the third inquiry of the separation of powers analysis—whether the subject matter of Wis. Stat. § 973.10(2), requiring administrative probation revocation, unduly burdens or substantially interferes with the judiciary's function to impose criminal penalties.

¶ 22.   The legislature's grant of authority to impose probation provides that unless probation is statutorily prohibited for a particular offense, "if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15

and stay its execution, and in either case place the person on probation to the department [of corrections] for a stated period. . . ." Wis. Stat. § 973.09(1)(a). Also, according to statute, if the executive branch revokes the defendant's probation, the probationer is brought before the court for sentencing if the sentence was withheld, or, if the probationer was sentenced but the sentence stayed, the probationer is sent to prison to serve the sentence. Wis. Stat. § 973.10(2)(a) and (b). "The sentence [the defendant] is required to serve upon revocation is the punishment for the crime of which he [or she] has previously been convicted." *State ex rel. Flowers v. H&SS Department*, 81 Wis. 2d 376, 386, 260 N.W.2d 727 (1978) (regarding parole revocation) (citing *Brown v. Warden, U.S. Penitentiary*, 351 F.2d 564, 567 (7th Cir. 1965)).

■

¶ 23.   When a circuit court imposes probation and sentences a defendant, whether a sentence is imposed and stayed, or withheld, the circuit court fully exercises its constitutional function to impose a criminal disposition. If a circuit court imposes a sentence but stays its execution and places the defendant on probation, the circuit court fully exercises its discretion and constitutional function in determining the sentence within the statutory guidelines provided for the offense and in placing the defendant on probation pursuant to Wis. Stat. § 973.09(1)(a). If a circuit court withholds sentence and places the defendant on probation, the circuit court exercises its discretion and constitutional function in ordering such disposition and, if necessary, will later exercise its discretion in imposing a sentence after probation has been revoked. Probation revocation does not unduly burden or substantially interfere with

the judiciary's constitutional function to impose criminal penalties.

¶ 24. Horn argues that probation is a stay in an ongoing criminal proceeding and that allowing administrative revocation of probation allows the executive branch to intrude in an ongoing criminal proceeding which is the province of the judiciary. We disagree. The plain language of the statute regarding imposing probation provides that a court may "withhold sentence or impose sentence. . .and stay its execution. . . ." Wis. Stat. § 973.09(1)(a). This language provides that a sentence imposed, not the criminal proceeding, is stayed by probation.

¶ 25. In fact, the criminal proceeding cannot be stayed because once a defendant has been charged with a crime, tried, defended, convicted, sentenced, and gone through an appeal if desired, the litigation is over and the judicial process has ended. *Johnson*, 50 Wis. 2d at 546. Whether a convicted defendant is sentenced to prison or the circuit court imposes probation, "[t]he adversary system has terminated and the administrative process, vested in the executive branch of the government, directed to the correctional and rehabilitative processes of the parole and probation system has been substituted in its place." *Id.* at 546. The judiciary phase of the criminal process—imposing a penalty—is complete. Furthermore, probation revocation does not lift a judicially imposed stay because it "is not a stage of a criminal prosecution. . . ." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that a person who is subject to probation revocation is entitled to a hearing); *State ex rel. Vanderbeke v. Endicott*, 210 Wis. 2d 502, 513, 563 N.W.2d 883 (1997); *State ex rel. Hanson v. H&SS Dept.*, 64 Wis. 2d 367, 379, 219 N.W.2d 267 (1974); *State ex rel. Lyons v. H&SS Dept.*, 105 Wis. 2d

146, 149, 312 N.W.2d 868 (Ct. App. 1981). Rather, revocation is a civil proceeding. *Vanderbeke*, 210 Wis. 2d at 513.

¶ 26.    Although a court has statutory authority to extend probation or modify the terms of a defendant's probation up until the time probation expires, Wis. Stat. § 973.09(3)(a), allowing the executive branch to determine whether a defendant has violated the conditions of his or her probation to such a degree as to warrant revocation does not unduly burden or substantially interfere with either the judiciary's constitutional function to impose criminal penalties or its statutory authority to extend probation or modify its terms prior to the expiration of probation. The judiciary still has authority to sentence the convicted defendant to prison or to impose probation and withhold or stay sentencing.

¶ 27.    Defendant attempts to make an analogy between a court's powers regarding probation and powers regarding contempt. While "the power of a court to hold a person in contempt is an inherent power of the court. . .the legislature may subject the power to reasonable regulation, [but] it may not withdraw the power." *Smith v. Burns*, 65 Wis. 2d 638, 645, 223 N.W.2d 562 (1974) (citations omitted). Like the judiciary's contempt power, the judiciary has constitutional authority to impose a criminal penalty. Also, like contempt, the legislature within its constitutional authority has subjected the judiciary's sentencing power to reasonable regulation. While the legislature may not withdraw the court's power to impose criminal dispositions, it can and does impose sentencing parameters and authority to place a defendant on probation rather than imposing a sentence. As discussed above, by vesting the administration of probation including

probation revocation in the executive branch, the legislature has not withdrawn the judiciary's power—it is simply a "reasonable regulation" within the legislature's power. If anything, an analogy between probation revocation and the judiciary's contempt power supports our conclusion that vesting probation revocation in the executive branch does not unduly burden or substantially interfere with the judiciary.

¶ 28. Horn also argues that the judiciary lacks meaningful review of an administrative revocation of probation. We disagree. Certiorari is a meaningful review. Judicial review of an administrative decision is by writ of certiorari, reviewing the agency's decision, not that of the circuit court. *State ex rel. Warren v. Schwarz*, 211 Wis. 2d 710, 717, 566 N.W.2d 173 (Ct. App. 1997). A court's review consists of four inquiries: "(1) whether the tribunal stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will, not its judgment; and (4) whether the evidence was such that it might reasonably make the decision that it did." *Id.* (citing *Van Ermen v. D.H.S.S.*, 84 Wis. 2d 57, 63, 267 N.W.2d 17 (1978)).

¶ 29. Horn finally argues that it is striking that Wisconsin is the only state that requires administrative rather than judicial probation revocation. First, we note that we analyze Wis. Stat. § 973.10(2) using a separation of powers analysis based on the Wisconsin Constitution. How this analysis might play out in other jurisdictions based on other state constitutions is of no consequence. Additionally, "[n]othing in the federal Constitution forbids a state from providing for administrative revocation of probation imposed by a court." *Ware v. Gagnon*, 659 F.2d 809, 812 (7th Cir. 1981).

¶ 30. The United States Supreme Court determined that due process requires that a person subject to parole revocation be afforded a hearing before a "neutral and detached" hearing officer at both the preliminary hearing and at the final revocation hearing. *Morrissey v. Brewer*, 408 U.S. 471, 486, 489 (1972). The neutral and detached hearing officer, however, need not be a judicial officer or lawyer. *Id.* at 486, 489. Although *Morrissey* involved parole revocation, the *Morrissey* rules also apply to probation revocation. *See Gagnon*, 411 U.S. at 782. Because neither the federal constitution nor principles of due process require that probation revocation proceedings be conducted before a court, we are not persuaded by other jurisdictions relying on judicial rather than administrative probation revocation.

¶ 31. In sum, we hold that administrative revocation of probation, as provided in Wis. Stat. § 973.10(2), falls within an area of shared powers. Horn has failed to show beyond a reasonable doubt that the legislative delegation of probation revocation to the executive branch unduly burdens or substantially interferes with the judiciary's constitutional function to impose criminal penalties. The judiciary retains authority to impose a sentence on the convicted defendant or to impose probation and withhold or stay a sentence. Therefore, § 973.10(2) is constitutional. Accordingly, we reverse the order of the circuit court.

*By the Court.*—The order of the circuit court is reversed.