STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald W. BURCHFIELD, Defendant-Appellant.

Court of Appeals

*No. 99–0716–CR. Submitted on a motion August 9, 1999.—Decided September 1, 1999.*

(Also reported in 602 N.W.2d 154.)

On behalf of the defendant-appellant, the cause was submitted on the motion for summary disposition of *Martha K. Askins*, assistant state public defender, for *Charles Bennett Vetzner*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the response of *James E. Doyle*,

attorney general, and *Pamela Magee*, assistant attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

SNYDER, J. Donald W. Burchfield appeals from a trial court order revoking his probation because the revocation was not initiated by the Department of Corrections (DOC). As a result of the order, Burchfield was committed to the Wisconsin State Prison system to serve a previously imposed and stayed five-year prison sentence. Burchfield contends that under § 973.10(2), STATS., a sentencing court has no authority to revoke his probation. Because the State concedes that the trial court had no authority to revoke Burchfield's probation[1] and because *State v. Horn*, 226 Wis. 2d 637, 594 N.W.2d 772 (1999), supports Burchfield's contention that the executive branch has exclusive statutory authority to administer and to revoke probation, we reverse the revocation order.

The facts are undisputed. Burchfield was convicted of one count of delivery of cocaine contrary to §§ 161.16(2)(b) and 161.41(1)(c)1, STATS., 1991–92, and sentenced to a five-year prison term on October 5, 1993. The trial court stayed the prison sentence and Burchfield commenced a five-year probation term on October

---

[1] The attorney general responded to Burchfield's motion for summary reversal stating that "pursuant to the decision of the supreme court in *State v. Horn*, Case No. 97–2751-CR, filed on June 11, 1999, the trial court was without statutory authority to revoke [Burchfield's] *parole*." (Emphasis added.) While § 973.10(2), STATS., does not address parole or parole revocation, and while *Horn* concerns probation and probation revocation as a part of constitutionally shared sentencing powers between the legislature and the judiciary, we accept the State's concession as applying to Burchfield's probation revocation and incarceration.

349

15, 1993. On September 23, 1998, Burchfield's probation agent requested a trial court probation review and the possible imposition of conditional jail time in light of twelve probation violations.[2] The Kenosha County District Attorney opined that revocation of Burchfield's probation was in order rather than continued probation with condition time as requested by the probation agent. The trial court then scheduled the matter for a revocation hearing.

On October 7, 1998, after a hearing on Burchfield's probation status, the trial court ordered that "the probation previously granted to [Burchfield] on [the 1993 cocaine delivery] count . . . be revoked." Burchfield was then remanded to the custody of the DOC to serve the remainder of his imposed and stayed sentence. On March 16, 1999, Burchfield appealed the revocation order of the trial court, arguing that the executive branch had not initiated probation revocation proceedings as provided under § 973.10(2), STATS. The constitutionality of § 973.10(2) was pending in the Wisconsin Supreme Court, and on May 19, 1999, we granted Burchfield's request that his appeal be placed on hold pending the decision of the supreme court in *Horn*.[3]

---

[2] At the request of probation and parole agent Danielle Stubblefield, a probation review hearing was held on August 31, 1998, and Burchfield failed to appear. A bench warrant was issued and Burchfield appeared in custody on September 17, 1998, at which time he was advised of the hearing date set for September 23.

[3] In *Horn*, we granted the State's petition for leave to appeal the issue of the constitutionality of § 973.10(2), STATS. The supreme court accepted § 809.61, STATS., certification on the issue of "whether it is within the exclusive power of the judiciary to determine whether a defendant has violated the court-

We begin by reviewing the circumstances presented in *Horn*. Robert Horn had been placed on probation after his convictions on two felony drug charges. The DOC initiated probation revocation proceedings against him pursuant to § 973.10(2), STATS., based upon several probation violations, including new criminal charges. Section 973.10(2) provides:

> If a probationer violates the conditions of probation, the department of corrections may initiate a proceeding before the division of hearings and appeals in the department of administration. Unless waived by the probationer, a hearing examiner for the division shall conduct an administrative hearing and enter an order either revoking or not revoking probation. Upon request of either party, the administrator of the division shall review the order. If the probationer waives the final administrative hearing, the secretary of corrections shall enter an order either revoking or not revoking probation. If probation is revoked, the department shall:
>
> (a) If the probationer has not already been sentenced, order the probationer brought before the court for sentence which shall then be imposed without further stay under s. 973.15; or
>
> (b) If the probationer has already been sentenced, order the probationer to prison, and the term of the sentence shall begin on the date the probationer enters the prison.

Horn filed a motion contending that § 973.10(2), STATS., was unconstitutional as violating the separation of powers doctrine. Two tests exist to determine whether the constitutional separation of powers is vio-

imposed conditions of probation and whether probation should be revoked and the defendant sent to prison." *State v. Horn*, 226 Wis. 2d 637, 640, 594 N.W.2d 772, 774 (1999).

lated. First, no interference with the judiciary is permitted in an area reserved exclusively to the judiciary. *See In re Grady*, 118 Wis. 2d 762, 776, 348 N.W.2d 559, 566 (1984). Second, undue burden or substantial interference with the judiciary is prohibited in areas of shared power. *See id.* at 775–76, 348 N.W.2d at 566.

The trial court agreed with Horn, concluding that the statute was unconstitutional in that it impermissibly infringed on the judiciary's exclusive sentencing function by allowing the executive branch to administratively lift a judicially imposed stay of sentence. The supreme court reversed, holding: (1) that "administrative revocation of probation, as provided in Wis. Stat. § 973.10(2), falls within an area of shared powers"; and (2) that "Horn has failed to show beyond a reasonable doubt that the legislative delegation of probation revocation to the executive branch unduly burdens or substantially interferes with the judiciary's constitutional function to impose criminal penalties." *Horn*, 226 Wis. 2d at 653, 594 N.W.2d at 780. Because revocation of probation is an area of shared sentencing power, the issue presented here is whether the § 973.10(2) prohibition of judicial probation revocation (rather than authorizing executive revocation as in *Horn*) unduly burdens or substantially interferes with the judiciary's constitutional function to impose criminal penalties.

While *Horn* is limited "to the facts presented by this case," *Horn*, 226 Wis. 2d at 645, 594 N.W.2d at 777, it provides the direction and guidance necessary to decide the issue presented here. *Horn* holds that "the judiciary has authority to impose probation, and the executive branch has authority to administer probation." *Id.* at 648, 594 N.W.2d at 778. Revocation of probation would logically fall under the administration

rather than the imposition of probation unless "the legislative delegation of [the administration of] probation revocation to the executive branch unduly burdens or substantially interferes with the judiciary's constitutional function to impose criminal penalties." *Id.* at 653, 594 N.W.2d at 780. This conclusion is supported by the supreme court's statement that "[i]f a circuit court imposes a sentence but stays its execution and places the defendant on probation, the circuit court *fully exercises its discretion and constitutional function* in determining the sentence within the statutory guidelines provided for the offense and in placing the defendant on probation pursuant to Wis. Stat. § 973.09(1)(a)." *Horn*, 226 Wis. 2d at 649, 594 N.W.2d at 778 (emphasis added).

Section 973.10(2), STATS., constitutionally grants authority to the DOC to revoke probation based upon shared legislative and judicial powers. *See Horn*, 226 Wis. 2d at 653, 594 N.W.2d at 780. However, "[w]hen the powers of the branches overlap, one branch is prohibited from unduly burdening or substantially interfering with the other." *Flynn v. Department of Admin.*, 216 Wis. 2d 521, 546, 576 N.W.2d 245, 255 (1998). We therefore review whether § 973.10(2) violates judicially shared powers by barring a trial court's authority to revoke probation. We do so by determining whether the bar to judicial revocation would unduly burden or substantially interfere with the judiciary's constitutional function to impose criminal penalties. *See Horn*, 226 Wis. 2d at 653, 594 N.W.2d at 780.

The State, relying on *Horn*, posits that the judiciary has no authority to revoke probation under § 973.10(2), STATS., thereby conceding that the legislative prohibition of judicial authority to administer and

353

revoke probation does not unduly burden or substantially interfere with the judiciary's constitutional sentencing powers. Accordingly, we conclude that § 973.10(2) prohibits judicial revocation of probation by trial courts and reverse the order revoking Burchfield's probation.

*By the Court.*—Order reversed.