STATE of Wisconsin, Plaintiff-Respondent,

v.

James MCCREADY, Defendant-Appellant.†

Court of Appeals

*Nos.  99–1822–CR, 99–1823–CR.  Submitted on briefs January 26, 2000.—Decided February 23, 2000.*

## 2000 WI App 68

(Also reported in 608 N.W.2d 762.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, J.  James McCready comes before this court arguing that the circuit court did not have subject matter jurisdiction to grant him the very relief he sought—termination of his probation. His posture before the court begs for application of judicial estoppel. We reach the merits, however, and conclude that a probationer has the right to refuse probation not only when it is first imposed but at any time while serving it. A grant of a probationer's request to end probation is not a judicial revocation and thus not prohibited by *State v. Horn,* 226 Wis. 2d 637, 594 N.W.2d 772 (1999). We affirm the judgment and order of the circuit court.

¶ 2.    The facts here are not in dispute. McCready pled guilty to forgery uttering and misdemeanor counts of obstructing, possession of THC, bail jumping and possession of drug paraphernalia. On the uttering charges, the circuit court withheld sentence and placed McCready on probation for five years. One of the conditions of probation was that McCready spend one year in the county jail with six months of the term stayed. Additionally, for the misdemeanor charges, McCready was to serve ninety days consecutive to the six months' conditional time. McCready was informed of his right to appeal but chose not to. Due to McCready's refusal to provide detectives with information about his fellow gang members, the six months that had been stayed was imposed as a condition of probation. After serving close to one year on probation, McCready, acting pro se, moved the court to terminate probation. At the hearing, McCready appeared with counsel. Counsel informed the circuit court that he had tried to discourage McCready from refusing probation and had warned McCready of the risk of prison time. The court lifted McCready's probation and sentenced him to five years in prison.

¶ 3.    McCready now argues that the circuit court did not have authority to terminate his probation. In *Horn*, our supreme court held that vesting revocation power in the executive branch, rather than the judicial branch, does not offend our state constitution's separation of powers. McCready seizes upon the following language in *Horn* to support his argument: "once a defendant has been charged with a crime, tried, defended, convicted, sentenced, and gone through an appeal if desired, the litigation is over and the judicial process has ended." *Id.* at 650. McCready's time to file a direct appeal had expired when he appeared before the

circuit court. Under *Horn*, he argues, the circuit court's involvement was over and only the Department of Corrections (DOC) had the authority to revoke his probation. In response to the State's reliance on *State v. Migliorino*, 150 Wis. 2d 513, 442 N.W.2d 36 (1989), McCready acknowledges that a defendant does have the right to refuse probation, but claims that the defendant must refuse at the time of sentencing. He points out that the time for him to file a sentence modification request under WIS. STAT. § 973.19 (1997–98)[1] had already expired when he asked the court to end his probation. The State answers that there is no good reason or legal authority to confine the right to refuse probation to the time when it is imposed. Finally, the State points out that the time limits in § 973.19 are regulatory, not jurisdictional. *See Cresci v. State*, 89 Wis. 2d 495, 503, 278 N.W.2d 850 (1979).

¶ 4. *Migliorino* controls this case, not *Horn*. The question in *Horn* was whether the DOC's ability to assess a probationer's compliance with conditions and determine if revocation is necessary impermissibly infringed on the court's power to impose conditions. *See Horn*, 226 Wis. 2d at 641–42. The supreme court first pointed out that probation and probation revocation are within powers shared by the judicial and legislative branches. *See id.* at 648. Thus, the issue boiled down to whether the legislative delegation of probation revocation to the executive branch unduly burdened or substantially interfered with the powers of the judiciary. *See id.* The court concluded that it did not, as the judiciary retained the power to impose sentence. *See id.* at 653.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

¶ 5.   Here, McCready himself sought termination of his probation. The circuit court did not make any determination of McCready's compliance with probation conditions nor did the circuit court decide to pull McCready off probation. This is not a situation like *Horn*, where the DOC was seeking to revoke probation. On the contrary, McCready came to court, hat in hand, against the advice of counsel and his probation agent, asking the court to terminate his probation. In his motion, McCready stated: "I wish to be released or revocated [sic] and sent to prison to finish my incarceration." In a subsequent motion he explained to the court: "I understand probation is a privilege. The privilege creates endless conflict and drastically postpones my goals. I refuse to be on probation." *Horn* in no way prevented the court from granting McCready his requested relief.

██

¶ 6.   Rather than prohibit the circuit court's termination of probation, case law establishes that it would have been error for the circuit court to refuse McCready's request. *See Migliorino*, 150 Wis. 2d at 541. In *Migliorino*, the supreme court relied on the following statement from *Garski v. State*, 75 Wis. 2d 62, 248 N.W.2d 425 (1977): "If the defendant finds the conditions of probation more onerous than the sentence which would have been imposed he can refuse the probation." *Migliorino*, 150 Wis. 2d at 541 (quoting *Garski*, 75 Wis. 2d at 77). The court went on to "respectfully suggest that the legislature give consideration to amending the probation statute to eliminate optional rejection of probation" by the defendant, reasoning that in some cases probation "may be more desirable both for society and an individual defendant than the imposition of a sentence." *Id.* at 542. Since *Migliorino* was

decided, the legislature has amended the probation statute, *see, e.g.,* 1997 Wis. Act 289, §§ 5–7, but has not opted to statutorily eliminate a defendant's right to reject probation. And while McCready argues that the right may only be exercised when probation is first imposed, there is nothing in the cases or the statutes to support that conclusion. On the contrary, the quoted language from *Garski* suggests that the defendant would exercise the right after serving some time on probation—at that point he or she is in a position to determine just how onerous the conditions are. We conclude that the right to reject probation lasts throughout the probationary period.

¶ 7.    McCready also argues that his request for termination of probation was a WIS. STAT. § 973.19 motion for sentence modification and as such was untimely. *See* § 973.19(1)(a) (setting time limit for motion at ninety days after imposition of sentence). The State correctly points out that the time limits set forth in that statute are regulatory, not jurisdictional. *See Cresci,* 89 Wis. 2d at 503. We say that § 973.19 is irrelevant. McCready, at the time of his motion, was not a "person sentenced to imprisonment or the intensive sanctions program or ordered to pay a fine," *see* § 973.19(1)(a), so the statute does not apply to him. His motion was not one to modify his sentence but rather one to reject probation. Our supreme court has expressly granted a probationer the right to refuse probation. *See Migliorino,* 150 Wis. 2d at 541; *Garski,* 75 Wis. 2d at 77. The time limits in § 973.19 have nothing to do with this case.

¶ 8.    While we have addressed the merits of McCready's argument rather than decline to do so under the doctrine of judicial estoppel, we pause to

comment on the propriety of his argument. Judicial estoppel is intended "to protect against a litigant playing 'fast and loose with the courts' by asserting inconsistent positions." *State v. Fleming*, 181 Wis. 2d 546, 557, 510 N.W.2d 837 (Ct. App. 1993) (citations omitted)). That is exactly what McCready is doing here. He came before the circuit court and asked for relief. The circuit court granted it. Now he complains that the circuit court had no authority to do precisely what he asked it to do. While there is a right to reject probation, this case stands as an example of why persons on probation should be careful what they ask for.

*By the Court.*—Judgment and order affirmed.