NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3582

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| JOHN FRANK, a.k.a. JACK FRANK, *Defendant-Appellant.* | No. 06-CR-065-S-01 |
| | John C. Shabaz, *Judge.* |

**O R D E R**

John Frank pleaded guilty to one count of distributing cocaine. *See* 21 U.S.C. § 841(a). The district court, relying on a presentence investigation report that Frank accepted without objection, calculated a guidelines imprisonment range of 70 to 87 months based on a total offense level of 23 and a criminal history category of IV. The court sentenced Frank to 84 months' imprisonment and three years of supervised release.

Frank filed a notice of appeal, but his newly appointed appellate lawyer now

moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern a nonfrivolous issue for appeal. We invited Frank to respond, *see* Cir. R. 51(b), but he has not done so. We will consider only those potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Frank does not want to have his guilty plea set aside, and thus counsel correctly declines to discuss whether Frank could argue that the plea was not knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first considers whether Frank could challenge the district court's calculation of his offense level. We agree with counsel that any such challenge would be frivolous. The court set Frank's base offense level at 26 based on a drug quantity of at least 500 grams but less than 2 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(7). Frank waived any possible challenge to this decision by stipulating in his written plea agreement that his relevant conduct involved this amount of cocaine, *see United States v. Newman*, 148 F.3d 871, 877–78 (7th Cir. 1998); *United States v. Flores-Sandoval*, 94 F.3d 346, 349 (7th Cir. 1996), and he received the maximum reduction to his offense level for acceptance of responsibility, *see* U.S.S.G. § 3E1.1.

Counsel next considers whether Frank could challenge his criminal history score. Frank received a total of seven criminal history points. He has two sexual-assault convictions from 1984 stemming from his molestation of his twin stepdaughters. The district court assessed three points for the first of these related convictions and one point for the other. The court also assessed one point each for a drug-possession conviction from 1991 and two drunk-driving convictions from 1994 and 1996.

We agree with counsel that any challenge to the assessment of points for Frank's drug-possession and drunk-driving convictions would be frivolous. All of these convictions are for countable offenses, *see* U.S.S.G. § 4A1.2(c)(1); *United States v. Hagenow*, 423 F.3d 638, 645 (7th Cir. 2005); *United States v. Zuniga-Lazaro*, 388 F.3d 308, 315 (7th Cir. 2004), and the sentence for each was imposed within 10 years of Frank's commission of the instant offense, *see* U.S.S.G. § 4A1.2(e)(2); *Zuniga-Lazaro*, 388 F.3d at 316.

Counsel now informs us that Frank wants to argue that his sexual-assault convictions are too old to be counted. This potential argument plainly would be frivolous with respect to the conviction for which Frank received three points. Frank was sentenced to three years in prison for this offense and was not released until May 1986, less than 15 years before the April 2001 drug distribution underlying his conviction here. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1); *United States*

*v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002); *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003).

Frank's other sexual-assault conviction is a more complicated matter. Related offenses, as these are, normally count only once, U.S.S.G. § 4A1.2(a)(2), but the district court assessed one point for the second conviction under U.S.S.G. § 4A1.1(f). That guideline provides that a single point can be assessed for a crime of violence which otherwise would have been excluded as related to a counted conviction. Frank also was sentenced to three years' imprisonment on the second conviction, but execution of that sentence was stayed in favor of a five-year probation term that commenced after he served his prison term for the other sexual assault. A suspended term is not considered a sentence of imprisonment under the guidelines, U.S.S.G. § 4A1.2(b)(2), and ordinarily any sentence short of a year and a month in prison must have been imposed within 10 years of the commencement of the instant offense to count, U.S.S.G. § 4A1.2(e)(2). Frank's sentence for the second sexual assault was imposed 17 years before he committed the present drug offense. But he violated his probation and was returned to prison, and when probation is revoked, the prison sentence imposed on revocation is added to the executed portion of any prison term initially received for the offense. U.S.S.G. § 4A1.2(k)(1). The record does not disclose how much prison time the court imposed upon revocation, though in Wisconsin the revocation of a term of probation imposed in lieu of a stayed prison sentence results in the reinstatement of the original term of confinement. Wis. Stat. §§ 973.09(1)(a), 973.15(8)(a), 973.10(2)(b); *State v. Horn*, 594 N.W.2d 772, 778 (Wis. 1999). If that is what happened to Frank, then his second sexual-assault conviction is recent enough to count because he ultimately received a three-year sentence of imprisonment and was not released until 1987—less than 15 years before commencement of the drug offense. *See* U.S.S.G. § 4A1.2(e)(1). We see no reason to speculate that Frank's revocation did not follow the norm, especially given that our review would be limited to plain error because Frank did not object in the district court. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 848–49 (7th Cir. 2005).

The second conviction for sexual assault was thus recent enough to be counted so long as the offense qualified as a crime of violence. *See* U.S.S.G. §§ 4A1.1(f), 4B1.2(a). Frank specifically was convicted of first-degree sexual assault, which at the time included both nonconsensual sexual contact and any sexual contact with a child of 12 or younger. *See* Wis. Stat. § 940.225(1) (1982). Although nonconsensual sexual contact would qualify as a crime of violence, *see United States v. Brown*, 273 F.3d 747, 751 (7th Cir. 2001); *United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998), we have rejected the view that any crime involving sexual contact with a minor is per se a crime of violence, *United States v. Shannon*, 110 F.3d 382, 386–87 (7th Cir. 1997) (en banc). In *Shannon* we held that the defendant committed a crime of violence by engaging in sexual intercourse with a 13-year-old girl and placing her at risk of injury from a pregnancy, but we left open whether sexual contact short of intercourse would always qualify when a victim the same age or

younger is involved. *Id.* at 387. We did suggest in *Shannon*, however, that sexual contact would constitute a crime of violence when an aggravating factor is present, such as when the sex act is incestuous or involves a prepubescent child. *Id.* at 386. We have since applied this dicta from *Shannon* to hold that incestuous penetration of a minor is a crime of violence (even when the penetration creates no risk of pregnancy) because the familial relationship between the victim and the perpetrator is an aggravating factor that makes it likely the sexual contact was compelled. *United States v. Martinez-Carillo*, 250 F.3d 1101, 1105-06 (7th Cir. 2001). This case involves the other aggravating factor specifically mentioned in *Shannon*—a very young child. Unlike the statute at issue in *Shannon*, which required that the victim be under 16, the statute in this case requires that the victim be no older than 12. Therefore, the victim would have to be either prepubescent or in the early stages of puberty. The young age of the victim is an aggravating factor that implies that the sex act was coerced. *See United States v. Sherwood*, 156 F.3d 219, 221-22 (1st Cir. 1998) (concluding that a nearly identical offense under Rhode Island law is a crime of violence because of the high risk that physical force will be used to commit the crime); *see also United States v. Coronado-Cervantes*, 154 F.3d 1242, 1243, 1244-45 (10th Cir. 1998) (concluding that sexual contact with child under 12 is a crime of violence). Under these circumstances, we agree with counsel that Frank could not make a nonfrivolous argument that the district court committed plain error in concluding that his sexual-assault conviction was a crime of violence.

Finally, we agree with counsel that any challenge to the reasonableness of Frank's prison sentence would be frivolous. The term is within the guidelines range, and thus it is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Even if we dispense with the presumption, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), a reasonableness challenge would still be frivolous. The district court considered the factors in 18 U.S.C. § 3553(a) and concluded that Frank deserved a sentence at the high end of the guidelines range because of the large amount of drugs he had distributed over the years, his longstanding substance-abuse problem, and his long history of criminal activity. Counsel is unable to identify any competing factor that would have compelled a lower sentence.

For the above reasons, we GRANT counsel's motion and DISMISS the appeal.