STATE of Wisconsin, Plaintiff-Appellant,

v.

Kevin D. JAMES, Defendant-Respondent.†

Court of Appeals

*No. 2004AP2391–CR. Submitted on briefs May 16, 2005.*
*—Decided July 6, 2005.*

2005 WI App 188

(Also reported in 703 N.W.2d 727.)

† Petition to review denied 10-3-05.

783

785

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. BROWN, J. This case arose when the State, pursuant to Wis. Stat. § 908.08 (2003–04),[1] sought to introduce the videotaped statements of two child witnesses in a sexual assault trial in lieu of full-blown live direct examination and to subsequently make the children available for questioning at the defendant's request. The trial court sustained the defendant's objection to this mode of testimonial presentation, observing that in its past experience, child witnesses sometimes refused to submit to cross-examination, thereby necessitating a mistrial in order to avert a violation of the defendant's Sixth Amendment right to confront adverse witnesses, now called a *Crawford* violation.[2] Invoking Wis. Stat. §§ 904.03, 906.11 and 908.08(3), the court concluded that "the efficient operation of the court" and protecting the defendant's "legitimate expectation" of a single trial demanded that it preempt that possibility by requiring any live testimony to occur first. Although we understand and respect the trial court's concerns with applying fair and efficient procedures, we conclude that what is really at issue is the separation of legislative and judicial powers in the realm of admissibility and presentation of evidence. We hold that § 908.08 represents a proper exercise of legislative power and that the statute is not trumped by §§ 904.03 and 906.11. Thus, the trial court may not dictate alternative procedures based on the mere specter of a possible *Crawford* violation in the future.

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] *See Crawford v. Washington*, 541 U.S. 36 (2004) (examining the admissibility of out-of-court testimonial statements under the Confrontation Clause of the Sixth Amendment and concluding that admissibility depended on a defendant's opportunity to cross-examine the declarant).

¶ 2. From December 2001 to August 2002, Christina Q. and Natasha H. lived with their mother and grandmother in the grandmother's mobile home in the village of Pleasant Prairie in Kenosha county. At that time, Kevin D. James, the grandmother's boyfriend, also lived with them. Nearly two years later, Christina informed their mother that while they had lived at the mobile home, James had touched her sexually. The Child Advocacy Center arranged an interview with Christina shortly after this revelation. The interview took place on April 13, 2004. The CAC interviewed Natasha the same week. Natasha disclosed at her interview that James had made improper advances to her as well. The CAC videotaped both interviews. At the time of the interviews, Christina was ten years old, and Natasha was eight.

¶ 3. The State charged James with one count of sexual contact with a child under the age of thirteen, in violation of WIS. STAT. § 948.02(1) and one count of attempted sexual contact with a child under the age of thirteen, contrary to WIS. STAT. §§ 948.02(1) and 939.32. Prior to trial, the State gave notice of its intent to introduce the videotapes at trial, pursuant to WIS. STAT. § 908.08. It would play the videotapes, perhaps conduct an abbreviated direct examination, and then produce the children for cross-examination at James' request. James moved to exclude this evidence on the basis that introducing it would violate his constitutional rights as defined in *Crawford v. Washington*, 541 U.S. 36 (2004).

¶ 4. The trial court held a motion hearing on July 2, which it continued on July 12. The court ultimately ruled the State could not present the videotapes according to the statutory process; any live testimony on direct or cross-examination would have to come first.

The trial court acknowledged that WIS. STAT. § 908.08(5) required presentation of videotapes prior to all in-court testimony. It also took as a given that no *Crawford* violation would occur so long as the girls submitted to cross-examination after the State introduced the videotapes. However, the court observed that the statutorily prescribed evidentiary sequence made it impossible for the court to avert the *potential* of a *Crawford* violation in the event that either child should later "clam up" on the witness stand. Moreover, the trial court stated that in such a case, "only a mistrial would ordinarily suffice to afford the protections guaranteed by the Confrontation Clause," the risk of which the court deemed "grossly unfair to impose . . . on the defendant." The trial court further stated:

> If . . . one [of] the children when called to the witness stand should refuse to say anything—which has happened more than once with child witnesses— that child is not subject to cross-examination in truth and in fact, and the only—the only option left then to the Court—the only options would be to strike the tape, which has already been played, which is not an efficient or fair way to deal with the problem, or to declare a mistrial because it's an uncross-examined . . . testimonial statement at that point. So there has to be some curative action taken, and neither of them is a desired one. We don't have enough time to be trying cases in here that are going to end up in mistrial.

¶ 5. The trial court invoked three statutes in support of its decision to depart from the WIS. STAT. § 908.08 procedures. First, it pointed out that § 908.08(3)(e) imposed a prerequisite to the court's admission of videotaped statements: it charged the court to determine that the statements, if admitted, would not "deprive any party of a fair opportunity to

790

meet the allegations made in the statements." The court concluded that it could not make such a determination prior to live testimony because it would not know whether a *Crawford* violation would occur until meaningful cross-examination had taken place.

¶ 6. It also invoked Wis. Stat. §§ 904.03 and 906.11, which allow trial judges to control the receipt of evidence. In its initial oral pronouncement, the court expressed some doubt about whether these statutes allowed it to override the statutory procedures.

> I have some personal reservations about the authority of the legislature to prescribe the method in which evidence is to be taken in the courts in this particular fashion. I don't question that they do have authority in this area, but . . . I don't understand how the collision between Section 904.03 and this statute [Wis. Stat. § 908.08] are to be resolved, which gives the trial judge ultimate authority to exclude evidence when it's redundant and when the jury has a situation where they've got the preferred method of testimony, which is in-court testimony by the witness, and then . . . a less desired form, which would be hearsay except for the statute. I guess I don't know how that collision is to be resolved.
>
> The statute . . . appears to be mandatory in nature, but I sure wish I knew the answer as to whether or not the Court has remaining authority left under 904.03 to supervise the reception of evidence and whether there's a constitutional issue there . . . .

¶ 7. The trial court resolved those doubts in favor of the courts, however, in its written decision. It first cited what it saw as the purpose of the statute: "I must admit that I can make sense of the statutory requirement for prior showing of the videotape only by assuming that it was deliberately designed to [e]nsure that in

the event that the witness failed to deliver on the stand, the horse would already be out of the barn." It stated:

> The bottom line is that the efficient operation of the court in avoiding needless mistrials, and the defendant's legitimate expectation of a trial free of the purposeless risk of mistrial, demand that the court be, at a minimum, at least reasonably certain that the declarant has been or will actually be subject to cross-examination before showing the videotape to the jury. This cannot be accomplished under the mandatory protocol demanded by the legislature.

> If there were some legitimate legal purpose to the order prescribed in the law, it would be fine. But lacking any, it is a dangerous hindrance to the efficient and fair operation of the court, and is overridden by the provisions of §§ 904.03 and 906.11(1), Stats., and the requirements of the Confrontation Clause.

¶ 8. The State argues that the trial court exceeded its discretion when it refused to admit the videotapes pursuant to the process prescribed by WIS. STAT. § 908.08. The State correctly identifies our standard of review. Trial courts have broad discretion to admit or exclude evidence and to control the order and presentation of evidence at trial; we will upset their decisions only where they have erroneously exercised that discretion. *State v. Smith*, 2002 WI App 118, ¶¶ 7, 14, 15, 254 Wis. 2d 654, 648 N.W.2d 15; WIS. STAT. §§ 904.03 and 906.11. The trial court acts erroneously when its discretionary ruling contravenes nondiscretionary statutes or is based on an incorrect interpretation of the law. *See Smith*, 254 Wis. 2d 654, ¶ 15; *State v. Sveum*, 220 Wis. 2d 396, 405, 584 N.W.2d 137 (Ct. App. 1998). Whether the trial court properly interpreted the law presents a question of law that we review independently. *See Cook v. Cook*, 208 Wis. 2d 166, 172, 560

N.W.2d 246 (1997). In particular, we review de novo the constitutionality of a statute. *State v. Horn*, 226 Wis. 2d 637, 642, 594 N.W.2d 772 (1999).

¶ 9. We begin with the language of Wis. Stat. § 908.08. As the trial court acknowledged, § 908.08(5) is couched in mandatory terms and unambiguously requires the videotape to precede direct and cross-examination.

> If the court . . . admits a videotape statement . . . the party who has offered the statement into evidence may nonetheless call the child to testify immediately *after* the videotape statement is shown to the trier of fact . . . . [I]f that party does not call the child, the court . . . upon request by any other party, shall order that the child be produced immediately *following* the showing of the videotape statement to the trier of fact for cross-examination.

Sec. 908.08(5)(a) (emphasis added).

██

¶ 10. The trial court further acknowledged that following the mandatory protocol would not *per se* violate James' confrontation rights. In that respect, we agree with the court's analysis. In *Crawford*, the United States Supreme Court unequivocally reaffirmed its holding in *California v. Green*, 399 U.S. 149 (1970):

> [W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his [or her] prior testimonial statements . . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

*Crawford*, 541 U.S. at 59 n.9 (citations omitted). The *Green* Court recognized three purposes of the Confrontation Clause: (1) assuring that a witness will give

statements under oath and penalty of perjury, (2) affording the defendant an opportunity to cross-examine; and (3) allowing the jury to observe the witness' demeanor. *Green*, 399 U.S. at 158. "It is, of course, true that the out-of-court statement may have been made under circumstances subject to none of these protections. But if the declarant is present and testifying at trial, the out-of-court statement for all practical purposes regains most of the lost protections." *Id.* "[T]he inability to cross-examine the witness at the time he [or she] made his [or her] prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial." *Id.* at 159.

¶ 11. This language describes exactly the situation before us. The State has promised to produce the children for cross-examination upon James' request. As long as both children testify, the videotape-direct testimony-cross-examination sequence conforms both to Wis. Stat. § 908.08(5)(a) and *Crawford. Cf. also State v. Tarantino*, 157 Wis. 2d 199, 458 N.W.2d 582 (Ct. App. 1990) (a pre-*Crawford* case upholding § 908.08 against a Confrontation Clause challenge).[3]

---

[3] We note that James did not address how the order of the evidence prescribed in Wis. Stat. § 908.08(5)(a) might affect his confrontation rights. Rather, he opines that *Crawford* forbids presentation of the videotaped statements at *any* point during the trial. He believes that *Crawford* and *California v. Green*, 399 U.S. 149 (1970), prohibit the introduction of any testimonial statement that the defendant did not hear and have the opportunity to cross-examine at the moment the accuser made the accusation. We disagree with this reading. The language quoted above clearly demonstrates that these cases require no such thing. Moreover, we consider the following language in

¶ 12. Despite the trial court's recognition that the statutory order of presentation would not by itself violate *Crawford*, it deviated from the nondiscretionary statutory procedures based on WIS. STAT. §§ 908.08(3), 904.03, and 906.11 in order to avert *possible Crawford* violations in the event the girls would "clam up" and refuse to cooperate with cross-examination. These three statutes read, in pertinent part, as follows:

> **(3)** The court or hearing examiner shall admit the videotape statement upon finding all of the following:
>
> (e) That admission of the statement will not unfairly surprise any party or deprive any party of a fair opportunity to meet allegations made in the statement.

Sec. 908.08(3)(e).

> **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of

*Crawford.* "[T]he Framers would not have allowed admission of testimonial statements of a witness *who did not appear at trial* unless he [or she] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53–54 (emphasis added). Put another way, the "right . . . to be confronted with the witnesses against [the defendant] . . . is most naturally read as a reference to the right of confrontation at common law," which "conditioned admissibility of an *absent* witness's examination on unavailability and a prior opportunity to cross-examine." *Id.* at 54 (citation omitted). This language demonstrates that the right of confrontation simply means the right to confront in the sense that a defendant must at *some* point be allowed to face his or her accuser and force that person to answer for the accusation. It does not require that in order for the courts to admit an out-of-court accusation, the accuser must have confronted the *accused* at the time he or she made the accusation.

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Sec. 904.03.

**Mode and order of interrogation and presentation. (1)** CONTROL BY JUDGE. The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to do all of the following:

(a) Make the interrogation and presentation effective for the ascertainment of the truth.

(b) Avoid needless consumption of time.

(c) Protect witnesses from harassment or undue embarrassment.

Sec. 906.11(1).

¶ 13. The trial court read WIS. STAT. § 908.08(3)(e) as imposing a *duty* to make the *Crawford* determination prior to admitting the girls' statements, supposing that unless it could be "reasonably certain" that meaningful cross-examination would occur, it could not ensure that the evidence would not "deprive any party of a fair opportunity to meet allegations made in the statement." *See* § 908.08(3)(e). Given its perception of a conflict between this duty and the procedures prescribed in § 908.08(5)(a), the court invoked its usual authority pursuant to WIS. STAT. §§ 904.03 and 906.11 to control the admission, mode, and presentation of evidence as a means of carrying out that duty. It sought to avoid the potential *Crawford* problem—and the ensuing waste of judicial resources and unfairness to the defendant resulting from a mistrial—by excluding what it consid-

ered an inferior form of evidence until the preferred mode of presentation, live testimony, had taken place.

¶ 14. We appreciate the trial court's concern with administering justice in a fair and efficient manner and its desire to do so proactively without waiting until it is too late to avert prejudice. However, it is apparent to us that underlying the court's decision was the premise that this statute had no legitimate purpose and was not a proper exercise of authority. At the motion hearing, the court expressed some "personal reservations about the authority of the legislature to prescribe the method in which evidence is to be taken in the courts in this particular fashion" and pondered "whether there's a constitutional issue." Moreover, it characterized WIS. STAT. § 908.08(5)(a) as "a dangerous hindrance to the efficient and fair operation of the court." We conclude that the court's rationale was motivated by the belief that the legislature had improperly usurped the court's authority, in violation of the constitutional separation of powers doctrine.

¶ 15. Accordingly, we turn to whether WIS. STAT. § 908.08 violates the separation of powers doctrine by dictating the admissibility and order in which the court receives the videotape evidence and in-court testimony. First we ascertain whether the subject matter of the challenged statute falls within the zone of power granted to the legislative branch. *Horn*, 226 Wis. 2d at 644. Then we ask whether the subject matter falls within powers constitutionally granted to the judiciary. *Id.* If we answer both inquiries in the affirmative, then the statute does not fall within the "exclusive core constitutional powers" of the judiciary. *Id.* at 643, 645. Rather, it lies within the realm of shared powers, those " 'great borderlands of power' . . . not exclusive to any

one branch." *Id.* at 643 (citation omitted). The legislature may constitutionally act within these vast regions of shared power as long as it does not unduly burden or substantially interfere with the exercise of judicial power. *Id.* at 645.

¶ 16. We conclude that the legislature had power over the subject matter of WIS. STAT. § 908.08. Legislative power includes the authority to adopt laws for the public welfare. *See State v. Mitchell*, 144 Wis. 2d 596, 618, 424 N.W.2d 698 (1988). In doing so, the legislature may provide reasonable rules limiting the admission of evidence. *See Smith v. Rural Mut. Ins. Co.*, 20 Wis. 2d 592, 600, 123 N.W.2d 496 (1963). Social policy objectives involving the protection of children and crime victims from undue emotional trauma qualify as legitimate purposes for legislation that affects evidentiary rules. In *Mitchell*, our supreme court upheld against a separation of powers challenge a rape shield statute that barred the admission of the complaining witness' sexual history. It held that the statute had the proper purpose of facilitating the prosecution of sexual assaults by attempting to overcome victims' reluctance to come forward and report those crimes. *Mitchell*, 144 Wis. 2d at 618.

¶ 17. Similarly, in disposing of a defendant's Confrontation Clause argument in *Tarantino*, we remarked that the policy behind WIS. STAT. § 908.08 "rationally relates to a legitimate end of government." *Tarantino*, 157 Wis. 2d at 215. We recognized in that case that the legislature enacted the statute for the purpose of minimizing the mental and emotional strain that child witnesses in criminal proceedings experience as a result of having to testify. *Id.* at 214–15 (quoting 1985 Wis. Act 262, § 1); *cf. also Rural Mut. Ins. Co.*, 20 Wis. 2d at

599–600 (citing the "strong social policy to protect the child" as justification for a statute that prohibited courts from admitting evidence of juvenile proceedings in subsequent court proceedings).

¶ 18. We reaffirm our understanding, as stated in *Tarantino*, of the legislative intent behind WIS. STAT. § 908.08 and categorically reject the trial court's suggestion that the legislature's objective was to "[e]nsure that in the event that the witness failed to deliver on the stand, the horse would already be out of the barn." Obviously, if the court admits a child's videotaped statement first, the sheer amount of time the child must spend on the witness stand is lessened, and the allegations are already before the fact finder. This diminished exposure may eliminate a great deal of emotional strain on the child. Thus, the order of evidence prescribed in the statute furthers the protective purpose of the statute and therefore legitimately qualifies as an exercise of legislative power to regulate for the welfare of the public.

¶ 19. As to the second inquiry, no one questions that the judiciary may legitimately rule on the admissibility of evidence at trial and control the order and presentation of evidence. *See Mitchell*, 144 Wis. 2d at 618; *Smith*, 254 Wis. 2d 654, ¶¶ 7, 14, 15; WIS. STAT. §§ 904.03 and 906.11. Courts have inherent authority over their internal operations and to ensure the fair and efficient administration of justice. *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749–50, 595 N.W.2d 635 (1999). Admissibility, presentation, and order of evidence fall within that realm. The substance of WIS. STAT. § 908.08 therefore falls within the vast region of shared power between the judiciary and the legislature.

¶ 20. We hold that WIS. STAT. § 908.08 does not impermissibly interfere with the functioning of the judiciary and constitutes an appropriate exercise of shared judicial and legislative power. First, the essential function of the courts involves deciding controversies on their merits. *Mitchell*, 144 Wis. 2d at 618. Although the statute requires the court to admit the videotapes once the court has satisfied itself that certain prerequisites have been met and deprives the court of the right to control the order in which this evidence is to be taken, it in no way fetters the fact finder's consideration of the evidence presented. The statute does not determine the result of any case before the court and therefore leaves the judiciary's authority fully intact with respect to its most important function.

¶ 21. Moreover, in *Mitchell* and *Rural Mutual Insurance Co.*, the laws at issue categorically excluded relevant evidence. We do not see how a law directing the court to admit videotape evidence upon certain conditions, *see* WIS. STAT. § 908.08(3), is necessarily more intrusive than a nondiscretionary exclusion of evidence. Moreover, if the legislature may remove the determination of admissibility from the courts' discretion without unduly trespassing upon judicial territory, we fail to see how a lesser regulation over the order and presentation of admitted evidence would constitute such an intrusion. We conclude the legislature has not unduly infringed upon the authority of the judiciary.

¶ 22. Finally, we observe that the mere hypothetical possibility that one or both children will "clam up" on the stand does not operate to void an otherwise constitutional exercise of legislative power. Speculation cannot overcome the presumption in favor of a statute's

constitutional validity. *See Horn*, 226 Wis. 2d at 643 (burden on challenging party to show statute is unconstitutional beyond a reasonable doubt).[4] The State has promised to produce the children for cross-examination upon James' request. Nothing in the record demonstrates that either girl is disinclined to testify or that the State has in bad faith made an empty promise. The notion that James cannot expect a full and exacting cross-examination lacks any factual basis.

¶ 23. Without the assumption that the legislature exceeded its constitutional authority, we can discern no basis for the trial court's invocation of Wis. Stat. §§ 908.08(3), 904.03, and 906.11. The State correctly observes that a specific statute controls when it conflicts with a more general statute. *See Smith*, 254 Wis. 2d 654, ¶ 15. Thus, § 908.08, which deals specifically with the admissibility and presentation of videotaped statements by child witnesses, controls over §§ 904.03 and 906.11, more general statutes regarding the court's authority to control the admission, order, and presentation of evidence.

¶ 24. Moreover, we discern no conflict between paragraphs (3)(e) and (5)(a) of Wis. Stat. § 908.08. When interpreting provisions within the same statute, we favor constructions that harmonize them and that

---

[4] Moreover, children can potentially "clam up" any time they are asked to submit to cross-examination. We see no reason why this risk is necessarily greater when the State produces testimony in the form of videotapes than when it does so by standard direct examination. Despite the theoretical possibility that a child witness might refuse to testify, courts do not require cross-examination to precede direct examination to avert potential mistrials, even in the wake of *Crawford*.

do not lead to absurd results. *See Wisconsin Citizens Concerned for Cranes and Doves v. DNR*, 2004 WI 40, ¶ 6, 270 Wis. 2d 318, 677 N.W.2d 612 ("The language of a statute is read in the context in which it appears in relation to the entire statute so as to avoid an absurd result."); *cf. R.W.S. v. State*, 162 Wis. 2d 862, 871, 471 N.W.2d 16 (1991) (courts to read multiple statutes in same chapter in pari materia and attempt to harmonize them). The trial court's interpretation of § 908.08(3)(e) requires a trial court to either gaze into the future to discern whether a *Crawford* violation may take place or, where this is not possible, to deviate from the prescribed, nondiscretionary sequence of evidence in § 908.08(5)(a). This interpretation is unreasonable. We conclude that § 908.08(3)(e) merely asks the trial court to discern whether, given what it knows *at the time* it assesses admissibility, allowing a videotaped statement into evidence would "deprive any party of a fair opportunity to meet allegations made in the statement."

¶ 25. The trial court was understandably concerned with its duty to ensure the disposition of cases in a just and expeditious manner. However, the social policy of protecting children from unnecessary trauma brings Wis. Stat. § 908.08 within the realm of public welfare legislation, which falls squarely within the legislature's law-making powers. While the statute does place some limitations on a trial court's authority to administer its proceedings, the statute does not in any way determine the outcome of any case. Rather, how to weigh the evidence presented remains up to the fact finder. Moreover, the record does not demonstrate that following the statute will burden the court with a mistrial. Thus, the law does not impermissibly invade judicial territory. Having found no constitutional infir-

mity in this statute, the trial court exceeded its discretion in refusing to obey it. We reverse and remand with directions to admit the videotape evidence pursuant to the statutorily prescribed procedures.

*By the Court.*—Order reversed and cause remanded with directions.