**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 10, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP899-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2011CF748

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MARCUS LYNN TAYLOR,

   DEFENDANT-APPELLANT.

         APPEAL from a judgment and an order of the circuit court for Racine County:  MICHAEL J. PIONTEK, Judge.  *Affirmed*.

         Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

         **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. A jury found Marcus Lynn Taylor guilty of incest by a stepparent, repeated sexual assault of the same child, and exposing a child to harmful material. We affirm the judgment of conviction and the order denying his postconviction motion seeking a new trial.

¶2 The jury was persuaded that Taylor sexually fondled his stepdaughter and made her perform fellatio on him and watch pornographic videos when she was between nine and eleven years old. Throughout the trial, the court denied Taylor's several mistrial motions rooted in claims of evidentiary missteps. Postconviction, he moved for a new trial, claiming a violation of his statutory and Sixth Amendment right to present impeachment evidence, and that other-acts evidence, cumulative evidence, and certain expert testimony was improperly admitted. The court denied his motions without a hearing. This appeal followed.

Right to Present Impeachment Evidence

¶3 With no physical evidence and no witnesses to the crimes, this case hinged on witness credibility. Defense counsel moved to allow evidence to show a motive for J.M.C. ("Jay") to fabricate the claims, specifically, that a few years earlier when she and her family were living in Kentucky, she told her mother, M.L.C. ("Em")—then married to Taylor—that Taylor's son "Junior" sexually assaulted Jay's two brothers.[1] Although Junior denied the claim and the evidence did not support charging him, he was removed from the home. The defense

---

[1] To shield the victim's identity, we use pseudonyms. *See* WIS. STAT. RULE 809.86(4) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

contended that the event taught Jay that accusing someone of sexual assault can be a way to rid the person from your life.

¶4      A defendant has a constitutional right to present a defense and "to present relevant evidence not substantially outweighed by its prejudicial effect." *State v. Pulizzano*, 155 Wis. 2d 633, 646, 456 N.W.2d 325 (1990).  The trial "court has broad discretion in determining the relevance and admissibility of evidence and its decision will not be reversed absent an erroneous exercise of discretion."  *State v. Weed*, 2003 WI 85, ¶9, 263 Wis. 2d 434, 666 N.W.2d 485. This court will uphold a trial court's decision excluding "evidence if the court examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion using a rational process." *Id.*  But whether the exclusion of evidence deprived a defendant of his or her constitutional right to present a defense is a question of constitutional fact, which this court reviews de novo. *See Pulizzano*, 155 Wis. 2d at 648.

¶5      Taylor contended Jay's claim to Em about Junior was false and so sought to introduce the Kentucky evidence under the untruthful allegation exception to the rape-shield law.  *See* WIS. STAT. § 972.11(2)(b)3.  The court denied the motion because Jay was not a defendant, witness, or victim in the Kentucky event and it could lead to a trial within a trial.

¶6      Taylor limits his argument here to asserting that the Kentucky evidence was relevant, as it would have had some tendency to show that, more probably than if the jury did not hear the evidence, Jay knew the consequences of making sexual assault allegations.  *See* WIS. STAT. § 904.01.  As it was not otherwise improper, he contends, it was admissible.  *See* WIS. STAT. § 904.02.

¶7     Taylor's argument rests on the premise that it was Jay who initiated the complaint about Junior. But Taylor's own handwritten statement to police in that event does not mention Jay. It says the youngest son first went to Em and that the boy and Em then together told Taylor what Junior allegedly had done.

¶8     Even if Taylor had explicitly sought admission under WIS. STAT. § 904.03, the court likely would have excluded the evidence. The evidence had only minimal probative value and was "substantially outweighed by the danger of unfair prejudice [and] confusion of the issues." *Id.* "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." *State v. Muckerheide*, 2007 WI 5, ¶40, 298 Wis. 2d 553, 725 N.W.2d 930 (citation omitted). Further, Taylor's suggestion that the Kentucky evidence inspired Jay to falsely accuse him to get him removed from the home is speculative. The constitutional right to present a defense does not extend to presenting irrelevant or speculative testimony. *See State v. Jackson*, 188 Wis. 2d 187, 196, 525 N.W.2d 739 (Ct. App. 1994).

Right to Present Evidence of Em's Prior Convictions

¶9     Taylor also sought to admit evidence that Em had five convictions for operating after revocation (OAR), all criminal misdemeanors that resulted in jail time of thirty days or less. He argued that the convictions went to her credibility because "Wisconsin law presumes that criminals as a class are less truthful than persons who have not been convicted of a crime." *State v. Gary M.B.*, 2004 WI 33, ¶21, 270 Wis. 2d 62, 676 N.W.2d 475.

¶10     Evidence of a criminal conviction generally is admissible to impeach a witness' character for truthfulness. WIS. STAT. § 906.09(1); *Gary M.B.*, 270 Wis. 2d 62, ¶20. Whether to admit such evidence is within the trial court's

discretion. *State v. Kruzycki*, 192 Wis. 2d 509, 525, 531 N.W.2d 429 (Ct. App. 1995). A court considers the lapse of time since the conviction, the convicted person's rehabilitation, the gravity of the crime, and whether the crime involves dishonesty, and then balances the factors to determine if the probative value of the evidence of the crime is substantially outweighed by the risk of undue prejudice. *State v. Smith*, 203 Wis. 2d 288, 295-96, 553 N.W.2d 824 (Ct. App. 1996).

¶11    The court here applied the proper legal standard. It noted that Em's prior convictions occurred between eight and eleven years before trial and that, while "they're criminal traffic," it did not deem the offenses to be particularly grave and that an OAR offense is not intrinsically a crime of dishonesty. And while the court did not expressly say so, its observation that Em's most recent OAR conviction was eight years earlier allows the reasonable inference that it deemed Em rehabilitated. *See Gary M.B.*, 270 Wis. 2d 62, ¶28. The court's conclusion that using her convictions would be substantially outweighed by the danger of unfair prejudice was not an erroneous exercise of discretion.

¶12    Likewise, excluding Em's prior convictions did not impinge on Taylor's right to present a defense. He took advantage of other means to attack her credibility in regard to her motive to accuse him. He gave testimony contradictory to hers and testified that she demanded money from him from an insurance settlement and was resentful of his acknowledged extramarital affair.

## Admission of Other-Acts Evidence

¶13    Taylor next contends that he merits a new trial due to the erroneous admission of evidence that, contrary to a pretrial ruling excluding other-acts evidence, he physically abused Em. First, during a police officer's testimony, the officer read from his report that Em "advised that she had been physically

abused." The defense promptly objected and the court cut off the officer before he named the abuser. Then later, Jay testified that she did not report her sexual abuse sooner because "I don't want him to hurt my mom" and she "didn't want my mom to get hurt." The court overruled the defense's objections to Jay's statements and allowed the State to ask, "Why did you think he was going to hurt your mom?" Jay answered, "Because he always hit my mom."

¶14 Other-acts evidence may be introduced if offered for a purpose other than to prove that a person acted in conformity with their character. WIS. STAT. § 904.04(2)(a); *State v. Sullivan*, 216 Wis. 2d 768, 782, 576 N.W.2d 30 (1998). Courts apply a three-step analysis to determine the admissibility of "other acts" evidence. *Sullivan*, 216 Wis. 2d at 772. First, it must be offered for an admissible purpose under § 904.04(2)(a), such as to establish motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Sullivan*, 216 Wis. 2d at 772. Second, it must be relevant under WIS. STAT. § 904.01. *Sullivan*, 216 Wis. 2d at 772. Third, its probative value must not be substantially outweighed by the considerations set forth in WIS. STAT. § 904.03. *Sullivan*, 216 Wis. 2d at 772-73. "Evidence is not 'other acts' evidence if it is part of the panorama of evidence needed to completely describe the crime that occurred and is thereby inextricably intertwined with the crime." *State v. Dukes*, 2007 WI App 175, ¶28, 303 Wis. 2d 208, 736 N.W.2d 515.

¶15 With both the officer's and Jay's testimony, Taylor moved for a mistrial. The denial of a motion for mistrial will be reversed only on a clear showing of an erroneous use of discretion. *State v. Ross*, 2003 WI App 27, ¶47, 260 Wis. 2d 291, 659 N.W.2d 122. The court must decide, in light of all the facts and circumstances, whether the claimed error is sufficiently prejudicial to warrant a mistrial. *State v. Nienhardt*, 196 Wis. 2d 161, 166, 537 N.W.2d 123 (Ct. App.

1995). A mistrial is appropriate only when a "manifest necessity" exists for the termination of the trial. *State v. Bunch*, 191 Wis. 2d 502, 507, 529 N.W.2d 923 (Ct. App. 1995).

¶16 Taylor has not shown prejudicial error from the officer's brief mention that Em was abused. The police officer did not say Taylor's name in the abbreviated statement, and Taylor declined the court's offer to give a curative instruction. The court's decision denying that mistrial motion was not an erroneous exercise of discretion.

¶17 As to Jay's testimony, the court agreed it was "highly prejudicial" and struck it, but did not believe it warranted granting a mistrial. The court reasoned that Jay's current testimony that she feared for her mother's safety was not prompted by a leading question and, further, her report four years earlier that she delayed divulging the abuse because she was "scared" and that Taylor, then her stepfather, said he would get in trouble if she told anyone, simply represented a change in perception over time.

¶18 We also could agree, as the State posits, that the evidence was not "other acts," as it helped completely describe and was inextricably intertwined with Taylor's ongoing sexual assaults: the assaults continued because Jay feared the consequences of reporting them. *See Dukes*, 303 Wis. 2d 208, ¶28. Similarly, the limited testimony about Taylor's abuse of Em was admissible under WIS. STAT. § 904.04(2)(b) to "provide a complete explanation of the case" and to "establish [Jay's] credibility." *State v. Hunt*, 2003 WI 81, ¶¶58-59, 263 Wis. 2d 1, 666 N.W.2d 771. As the court's decision to strike Jay's statement that Taylor "always" hit her mom was an available, practical, and less drastic alternative to

granting a mistrial, *see* **Bunch**, 191 Wis. 2d at 512, the court did not erroneously exercise its discretion in denying Taylor's mistrial motion.

Cumulative Evidence

¶19 The trial court allowed the State to present Jay's videotaped Child Advocacy Center (CAC) interview by child forensic interviewer Erica Stuckert, a decision Taylor does not challenge. He objects, however, to the fact that the court also permitted Jay to testify at trial after the jury viewed the CAC interview. He contends that Jay's live testimony, some of it reiterating the allegations described in the CAC interview, was prejudicially cumulative as it allowed her to testify twice. This claim formed part of the basis for his mistrial motion implying that he abused Em. The court also denied this aspect of the motion, as WIS. STAT. § 908.08(5)(a) expressly provides that a party offering a recorded statement "may nonetheless call the child to testify immediately after the statement is shown to the trier of fact."

¶20 Taylor acknowledges that WIS. STAT. § 908.08(5)(a) allows a child to be called to testify. He contends, however, that it would be unreasonable to read it to permit cumulative testimony as that would obviate the "needless presentation of cumulative evidence" WIS. STAT. § 904.03 cautions against, and that having the child testify to facts covered in the recorded statement undermines the purpose of § 908.08.

¶21 First, the plain language of WIS. STAT. § 908.08(5)(a) does not limit the scope of a party's examination of the child to matters not addressed in the recorded statement. When a statute's meaning is plain, words cannot be read into it to advance another possible alternative. *See* **State v. Forster**, 2003 WI App 29, ¶14, 260 Wis. 2d 149, 659 N.W.2d 144.

¶22 Second, WIS. STAT. § 908.08(5)(a) authorizes the State to present Jay's recorded statement to the jury before having her testify. The legislature enacted § 908.08 to minimize "the mental and emotional strain that child witnesses in criminal proceedings experience as a result of having to testify." *State v. James*, 2005 WI App 188, ¶17, 285 Wis. 2d 783, 703 N.W.2d 727. The State clearly had the discretion to call Jay to testify. *See* § 908.08(5)(a). The legislature could have chosen to limit the scope of the child's examination by the party offering the recorded statement. It did not.

¶23 Third, WIS. STAT. § 908.08 need not be harmonized with WIS. STAT. § 904.03. A specific statute controls when it conflicts with a more general statute. *State v. Smith*, 2002 WI App 118, ¶15, 254 Wis. 2d 654, 648 N.W.2d 15. As § 908.08 deals specifically with the admissibility of videotaped statements by child witnesses, it controls over § 904.03, which addresses the court's general authority to control the presentation of evidence. *See James*, 285 Wis. 2d 783, ¶23.

¶24 Fourth, or even so, WIS. STAT. § 904.03 does not state a blanket prohibition against cumulative evidence. Rather, it allows a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice … or needless presentation of cumulative evidence." *Id.* Taylor has not shown that he was unfairly prejudiced or that the evidence, even if cumulative, was needlessly presented.

¶25 Jay testified about who lived in the family home and the home's layout and described the nature and location of the sexual assaults. As she was the sole witness to Taylor's conduct, her credibility was key. While her testimony constituted direct evidence highly probative of the charges against him, on cross-

9

examination Taylor was able to show inconsistencies between Jay's CAC statements and her trial testimony. To the extent Jay's testimony overlapped the CAC interview evidence, we cannot say that the court erred in concluding that the danger of unfair prejudice did not substantially outweigh its probative value.

Admission of Prejudicial Expert Testimony

¶26    Finally, Taylor asserts that Stuckert should not have been permitted to testify that the "Step-Wise" protocol, the interview technique she employed, produces "the most accurate information that you'll get" in a child interview because it uses "free narrative … by asking very open-ended questions." Once again, he moved for a mistrial, arguing that there was no evidence the protocol was the product of reliable principles and methods, that Stuckert "applied the principles and methods reliably to the facts of the case," and that her opinion was thinly veiled vouching. The court denied the motion, ruling that Stuckert could testify about "what 'Step-Wise' is" but not that it "guarantees truthfulness."

¶27    WISCONSIN STAT. § 907.02 adopts the standard established in ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993). *See **State v. Jones***, 2018 WI 44, ¶¶6-7, 381 Wis. 2d 284, 911 N.W.2d 97. Expert testimony is admissible if the expert is qualified to give it, and the expert testimony would help the jury understand the evidence or determine a fact in issue. Sec. 907.02(1). But "[n]o witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth." ***State v. Haseltine***, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984). "[T]he jury is the lie detector in the courtroom." ***Id.*** (citation omitted).

¶28    The court properly exercised its discretion in admitting Stuckert's testimony about the Step-Wise protocols. It recognized its role as a gate-keeper to

10

make a reliability determination, noted that it was not required to conduct an evidentiary hearing, and made its admissibility ruling based on the Step-Wise guidelines, Stuckert's resume and significant experience with the guidelines, and a memorandum the State submitted. Stuckert's testimony that "open-ended" questions yield "narrative answers" and lead to the "most accurate results" are not assertions that the protocols "guarantee truthfulness" but simply recognizes that more leading questions may prompt a child to provide inaccurate information. The trial court considered the relevant facts, applied the proper legal standard, and articulated a reasonable basis for its decision.

¶29 Further, Stuckert did not impermissibly vouch for Jay's credibility when she testified that the Step-Wise protocol provides the "most accurate information." Currently used forensic interview techniques, including Step-Wise, are accepted among experts and courts as effective tools for investigating child sexual assault allegations. *State v. Maday*, 2017 WI 28, ¶¶29-30, 374 Wis. 2d 164, 892 N.W.2d 611. "[F]orensic interview techniques use open-ended questions and avoid leading questions in an effort to allow the child to tell the story in his or her own words." *Id.*, ¶30. Stuckert did not opine that Jay was being truthful or, because the protocols were followed, that Jay must be an incest victim. Rather, Stuckert's testimony about the protocols helped the jurors understand why she interviewed Jay as she did. Then, based on their opportunity to watch Jay's recorded statement, they could decide whether Stuckert questioned the girl consistent with the protocols so as to better assess Jay's credibility.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.